No. 2032

Second Circuit

## WILSON v. HUSSEY AND WHELAN

(March 11, 1926.   Opinion and Decree.)
(April 10, 1926.   Rehearing Refused.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Evidence—Par. 58, 59.**

The defendant, having made special plea that the crossties sold them were un-

suitable for the purpose for which they were made, has the burden of proving that the ties which they accepted were faulty and that the ties which they rejected were not such as should have been accepted.

Appeal from the Second Judicial District Court of Louisiana, Parish of Webster. Hon. H. C. Drew, Special Judge.

Action by N. E. Wilson against Hussey and Whelan.

There was judgment for plaintiff and defendants appealed.

Judgment affirmed.

L. K. Watkins, of Minden, attorney for plaintiff, appellee.

Charles M. Roberts, of Minden, attorney for defendants, appellants.

ODOM, J. Plaintiff brings this suit to recover of defendants the sum of $2000.00 which he alleges is due him as a balance on account for crossties sold and delivered to defendants in the year 1920.

Alleging that defendants were non-residents of the state and that he had a vendor's privilege on certain ties which, at the time, were situated at different points on the L. & A. Railroad in Webster parish, Louisiana, and which he had sold to defendants, and alleging, further, that the defendants were about to remove said ties and place them beyond the jurisdiction of the court, he procured the issuance of a writ of attachment and there was attached under said writ 5653 crossties.

Defendants, in answer, denied any indebtedness to plaintiff and set up that in the course of their dealings with plaintiff during the year 1920 they purchased and paid for crossties amounting in value to something over $11,000.00, and especially alleged that they had overpaid the plaintiff in the sum of $429.93, and they reconvened for that amount.

Defendants further asked to be allowed attorney's fees in the sum of $250.00.

There was judgment in the lower court in favor of the plaintiff and against the defendants for the sum of $1145.01 and costs, and maintaining the writ of attachment.

From this judgment defendants appealed and asked that the judgment in favor of plaintiff be reversed and that their claim in reconvention be allowed.

Plaintiff did not appeal, nor does he ask that the judgment be amended.

## OPINION

In the early part of 1920 the plaintiff entered into a contract to deliver to defendants, who are tie contractors, crossties to be delivered at certain points on the L. & A. and V. S. & P. Railroads running through the parish of Webster. Just what this contract was it is difficult to ascertain from the testimony, but we think it not necessary to attempt to ascertain just what agreement was reached between those parties with reference to the inspection, time of delivery or price of the ties, because the issues involved do not hinge upon the contract which was entered into.

We cannot better state the issues before the court than to use the language of counsel for defendant in his brief filed in this court. He says:

"There were thirty-six pages of testimony taken in the trial of this case, but when boiled down this is simply a question as to whether or not defendants should be compelled to pay for ties which failed to come up to inspection."

The plaintiff testified that during the year 1920 he had made or purchased and delivered at various points along the lines of the L. & A. and V. S. & P. Railroads 17,609 crossties. He files an itemized statement showing the number of ties purchased from and hauled by various parties, all aggregating the number as above set forth.

The defendants, on the contrary, file a statement showing that they had inspected and received 14,802 ties.

Defendants' testimony is to the effect that they inspected and received all the ties delivered by plaintiff which were made in accordance with specifications and were fit for the use for which they were made. Their statement shows that they paid plaintiff $429.93 more than the value of the ties.

Defendants' testimony is to the effect that the ties which they refused to accept had remained in the woods for some time after they were made and had become old and unfit for use and were such as the chief inspector for the railroads would not accept.

There is no contention on the part of defendants that plaintiff did not as a matter of fact deliver on the railroad 17,609 ties, and there is no suggestion made by them that these ties were not made according to proper specifications.

Counsel, in his brief, further states:

"I have little reason to doubt that when these ties were cut and delivered to Wilson in the woods that they were good ties and would have been inspected and accepted by Hussey & Whelan if they had been delivered promptly, but many of these ties were cut in the early part of the year 1920, and were not delivered on the road until June, July and August; at that time they were so old that they were unfit for the purpose for which Hussey & Whelan were buying ties, and as a consequence were rejected."

It is perfectly evident, therefore, that the defense which the defendants urge to the demands made by plaintiff is that the ties or a part of them were not suitable for the purpose for which they mere made at the time they were delivered on· the railroad. Having made this special defense, and making no denial that plaintiff actually delivered the number of ties which he says he delivered, the burden, therefore, was upon defendants to show that as a matter of fact some of the ties, at lease those which they rejected, were not, as a mater of fact, such ties as they should have accepted.

A reading of the testimony has convinced us that defendants have totally failed to make out the defense which they set up. Their testimony, with reference to the condition of the ties which they refused to accept, is very meagre. They have but little to say in their testimony with respect to the condition of the ties. They called as a witness Mr. Elam, who is chief tie inspector for the M. K. & T. Railroad. Mr. Elam testified

that he was called upon by defendants to make an inspection of certain ties which he found at various points on said lines of railroad. He stated that some of the ties which he inspected were not up to the standard on account of being old, etc. He was specifically asked how many ties he refused to accept, and he testified that he did not recall.

There is absolutely no testimony whatever to show how many ties were rejected by this inspector or, as a matter of fact, how many ties were not fit for use.

It being shown by the testimony of plaintiff and not disputed by anyone that plaintiff actually delivered 17,609 ties on the railroad, and there being no good reason shown why all of these ties should not have been accepted by the defendants, it necessarily follows that plaintiff is entitled to recover the amount which he claims.

Even if it be conceded that some of the ties were not up to the standard, as testified to by Mr. Elam, there is no way for the court to determine the number of such ties.

The judge of the District Court, after hearing the witnesses, reached the conclusion that the plaintiff was entitled to recover $1145.01. As he assigned no written reasons for his judgment, we are unable to ascertain just how he arrived at that figure.

However, we think his judgment to that extent is amply sustained by the testimony. There is no doubt whatever but that plaintiff is entitled to judgment for that amount, if not more.

However, plaintiff has not asked that the judgment be amended.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed, with costs.